**PENGELLY v THOMAS, alias GODDARD**

Probate Court of Franklin Co

No 55273

Benns, Tresemer, Krier & Gregg, Columbus, for plaintiff.

W. B. McLeskey, Columbus, and John F. Carlisle, Columbus, for defendant.

## OPINION

By McCLELLAND, J.

This matter comes before the Court upon the demurrer of the defendant to the amended petition.

The main question raised by the demurrer is whether or not we have jurisdiction, under the facts pleaded, to set aside the confirmation of the final account.

The pertinent facts disclosed in the amended petition are briefly these: The decedent, under the name of Joseph Barnabas Pengelly was married to the plaintiff in London, England, on the 16th day of September, 1893. On or about November 5, 1907, the decedent deserted plaintiff, migrated to America where he assumed the name of Arthur Joseph Goddard, and on or about November 4, 1910, at Christobel, Panama Canal Zone, under said assumed name, went through a form of marriage ceremony with the defendant. The decedent and defendant lived together as husband and wife until the death of the decedent which occurred in Columbus, Ohio, on December 27, 1927. On or about January 3, 1928, the will of the decedent was admitted to probate in this court. The amended petition further alleges that said will is not the last will and testament of the decedent and that the decedent died intestate, leaving as his sole heirs the plaintiff and their two children.

The amended petition further alleges that in the course of the administration of decedent's estate, the defendant "in fraud upon this Court, falsely represented herself as, and claimed to be the widow of said Joseph Barnabas Pengelly, alias Arthur Joseph Goddard, and, as such widow, to be entitled to receive the entire estate of said Joseph Barnabas Pengelly; that by reason of said false and fraudulent representations and the fraud so perpetrated upon this Court," there was set off and paid to the defendant $2000.00 year's support, and that she received from the estate $2,980.51 in cash, and distribution in kind of the decedent's business which was then of the value of not less than $6000.00.

The amended petition further alleges that at the time of decedent's death, plaintiff was his lawful wife and is now his widow, and, as such, entitled to all her rights of inheritance and widow's allowance under the laws of Ohio. It is further alleged that none of the foregoing facts with respect the change of name, pretended marriage, death and administration of the estate of the decedent were known to plaintiff prior to November 11, 1936. The original petition was filed on August 4, 1937.

The prayer of the amended petition is that the administration of the estate be opened; that the confirmation of the final account be set aside; that plaintiff be given the opportunity to file exceptions to said account, that a trust be impressed for the benefit of plaintiff and other lawful heirs of the decedent, upon all the assets of the estate; that an administrator be appointed by this court for the estate of the decedent; and that defendant be required to rend-

er an accounting to the Court and surrender and deliver to said administrator said sum of $2000.00, said sum of $2,980.51 and the assets of decedent's business, together with interest and increase thereof from the said December 27, 1927.

The final account was confirmed October 2, 1929.

The determination of the probate court on the settlement of an account shall have the same force and effect as a judgment at law or a decree in equity as the particular case may require, and shall be final as to all persons having notice of the hearing, except in case of fraud or collusion (§10506-40 GC). It is practically conceded by counsel for the plaintiff that the amended petition does not allege actual fraud, scienter not having been pleaded Is the allegation of constructive fraud sufficient under §10506-40 GC to permit this Court to say that the determination of this Court on the settlement of said final account is of no force and effect as against the plaintiff, so as to permit her to have the confirmation of the final account set aside and the account reviewed?

In the case of **Woodward v Curtis, 19 O. C. C.** 15 (Affirmed 83 Oh St 675) Judge Adams, in discussing fraud as a ground for setting aside the confirmation of an account, quotes from Herman Estoppel, as follows:

"The 'fraud', says the Court of Appeals of New York, which will justify equitable interference in setting aside a judgment or decree must be actual and positive, not merely constructive; it must be fraud occurring in the conception or procurement of the judgment or decree, which was not known to the party at the time, and for not knowing which he was not chargeable with negligence."

In **Crawford, Admr. v Ziegler, 84 Oh St** 224, it was held (Syllabus):

"After the expiration of the eight months allowed by Section 6187, Revised Statutes, for filing exceptions when the account is settled in the ab-

sence of a person interested and without actual notice to him, the judgment of a probate court settling the final account of an executor or an administrator become absolute and conclusive and can not be attacked except for fraud of the prevailing party."

The Court in its opinion states:

" * * * the judgment of the probate court imports absolute verity and can only be avoided by proof of actual fraud in obtaining the same"

Under the above authorities we are forced to the conclusion that the allegation of constructive fraud is not sufficient to authorize us, under the statute to set aside the confirmation of the final account.

We may say in passing, that we are of the opinion that a Court of Equity would grant relief to the plaintiff. Since counsel for the plaintiff have expressed the opinion that the confirmation of the final account by this Court would be a bar to any action they might take in the Common Pleas Court, we feel constrained to make the following observations:

We see no need of setting aside the confirmation of the final account, in order for the plaintiff to pursue her claim. No claim is made that the estate was not administered according to the law; the claim is that the estate was distributed improperly. The final account included the distribution. There was no order of distribution, and, if there were, it would be only a general order of distribution. Un- der such an order the probate court does not determine the persons entitled to distribution and the amounts to which they are entitled. The probate court is called upon to make an order determining who are entitled to distribution and in what amounts, only, when a suit is filed against the executor to compel distribution to the claimant under §10,-509-199 GC. This was

not done in this estate Therefore, there was no adjudication by this Court determining who was entitled to the distribution, which would stand in the way of any action plaintiff might take in the Common Pleas Court.

There is ample authority for the above statement. In **Benning, Exr. v Gotshall, 62 Oh St 21**, the pertinent part of the syllabus reads as follows:

"The settlement of the final account of an executor or administrator showing the payment of money to a person not entitled thereto, is no bar to a subsequent action against him for the recovery of the money by one who is legally entitled to the same".

In the opinion at page 231, the court said:

"But it has been the settled law of this state since **Swearinger, Admr. v Morris, 14 Oh St 424,** that such a settlement showing payment to one not entitled thereto, is no bar to an action by the person who is entitled to the money. The settlement and order of distribution does not have the effect of determining who is the rightful distributee, but is a general order to pay to the person lawfully entitled to receive payment. The conclusive effect of the settlement, as said in the case just cited, is founded on the condition that the executor or administrator has paid or delivered to the person entitled thereto, the money or other property in his hands. It may be remarked here, as it was in that case, that "the money was not ordered out of his (the executor's) hands by a court of competent jurisdiction having the parties in interest before it. He voluntarily paid it away, and now relies upon a subsequent approval of what he had done, to turn wrong into right". The final account of Thompson shows no payment to the plaintiff below, and its approval presents no obstacle to the maintenance of his action for the recovery of money to which he is legally entitled."

In **18 O. J. 338,** we find this statement under the heading of "Account of Final Distribution and Discharge".

"The account is conclusive only of what it contains, not of that to which no allusion is made. It may be conclusive of payments made to those not entitled to them; but it cannot be evidence of whatever has not been paid to others who may be entitled. In other words, payments must have been made to those entitled thereto, to be of any avail as to the latter. The only effect of the action of the court is to place upon record the receipts in the hands of the executor or administrator, and make them final against those who signed them, unless objected to within a limited time. And although the receipts may cover the whole property, those who are entitled to a distributive share, and who have not received it, are not precluded from enforcing their claim. Such a claim could only be barred in the proceedings to which they were parties."

The note under the above statement cites **Negley v Gard, 20 Oh 310; Swearinger v Morris, 14 Oh St 424; Re Koehnken 1 C. C. (NS) 126.** See also the case of **Burton v Greif, 11 Oh Ap 102** which definitely holds that the Common Pleas Court has jurisdiction of an action for damages against the executor for fraud in the administration of the estate, even though the executor's final account had long before been approved by the Probate Court and had never been attacked or set aside in the Probate Court.

As to the part of the prayer of the amended petition asking that a trust be impressed for the benefit of the plaintiff and other lawful heirs of the decedent, suffice it for us to say that such relief can only be sought in a court of general equity jurisdiction. Since the Probate Court is a court of limited jurisdiction possessing only such incidental equity powers as may be necessary to carry out powers already granted by statute, we cannot grant this relief as prayed for.